# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY L. HEMPHILL, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 09-461-FHS-SPS |
| JUSTIN JONES, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's amended complaint, the defendants' motion, plaintiff's response, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at the Oklahoma County Detention Center in Oklahoma City, brings this action under the authority of 42 U.S.C. § 1983, the Religious Freedom Restoration Act of 1993 (RFRA), 432 U.S.C. § 2000bb, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Oklahoma Freedom of Religion Act, seeking relief for alleged constitutional violations during his incarceration at Jess Dunn Correctional Center (JDCC) in Taft, Oklahoma. The defendants are Justin Jones, DOC Director; Leo Brown, DOC Religious Services Coordinator; Debbie L. Morton, DOC Director's Designee; Mike Mullin, JDCC Warden; Teresa Butler, JDCC Mailroom Supervisor; James Remer, JDCC Chaplain; L. Martinez, JDCC Chief of Security; Todd Brown, JDCC Chief of Security; Angela Reagan, JDCC

Deputy Warden; Paula Bowler, JDCC Food Service Supervisor; and JDCC Food Service Personnel Starla Phillips, Jane Doe, Mr. B. Fulbright, and Ms. Faulk.[1, 2]

Plaintiff alleges he is a sincere student of Islam who adheres to the teachings of the "Nation of Gods and Earths" (NGE or "Nation"), founded in 1964. According to plaintiff, "[t]he basis of the 'Nation' is that the Blackman is the 'Supreme Being,' also known as 'God.'" He claims his "God-centered Culture" requires him to consume a vegetarian diet, but DOC has failed to compel its food service personnel to adhere to the DOC Food Service Master Menu for vegetarian diets, causing him to receive inadequate food. The defendants allegedly regard the Nation of Gods and Earths as an unauthorized, illegitimate, and unrecognized non-religious entity, despite plaintiff's providing them with voluminous documentation to the contrary. The DOC allegedly considers the Nation of Gods and Earths to have a quasi-gang affiliation with racist teachings. Plaintiff, consequently, has been denied literature, audio materials, a proper vegetarian diet, sacred oils, and permission to eat his meals after sundown with other inmates on fast days.

Plaintiff alleges in Count 1 of the amended complaint that the defendants have failed to indicate on his Consolidated Record Card that he is an adherent of the Nation of Gods and Earths. Instead, the defendants incorrectly refer to his religion as a gang called the Five

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendants Jane Doe and Ms. Faulk have not been served.

2

Percenters. Because of DOC's "non-recognition" policy, plaintiff allegedly had to cease his weekly services and congregational teachings of Islam and ancient Khemetic (Egyptian) history and culture.

In Count 2 plaintiff claims DOC officials colluded to arbitrarily and unreasonably seize and suppress his acquisition of literary and hygienic materials, and the officials failed to offer him the opportunity to return the items to the contributors. He claims the items were related to his sincere devotion, tenets, rites, and observances, but the defendants mislabeled the items as contraband, as part of a campaign of harassment against him.

Plaintiff asserts in Count 3 that all the defendants racially discriminated against him by "treating him with discord, intent on suppressing his God-Centered Culture of Islamic Beliefs," and the defendants did not allow him access to the few programs and privileges offered to other religious and cultural groups. The defendants allegedly rejected plaintiff's sincere beliefs by applying their standard that the Nation of Gods and Earths is the "Five Percenters" or the "Five Percent Nation of Islam," which is not recognized. Plaintiff, therefore, is prohibited from receiving the group's literature or from engaging in organized activities, such as Nation of Gods and Earths "Honor Days." The DOC's policies on this issue allegedly are based on unreliable research and erroneous and biased information. In addition, the defendants wrongfully prevented him from receiving previously approved materials from an authorized DOC volunteer, Amos Muhammad, and the DOC wrongfully and recklessly suspended the volunteer.

In Counts 4 and 5 plaintiff again alleges the DOC wrongfully refers to the Nation of Gods and Earth as a gang called the Five Percenters, which is an unrecognized group. He claims he has filed several administrative requests concerning this issue.

The defendants have filed a motion to dismiss or for summary judgment, alleging in part that plaintiff failed to exhaust his administrative remedies on all but three grievances. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process." An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt

of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The special report indicates plaintiff filed 19 Requests to Staff or grievances while incarcerated in the DOC prison system from 2008 through 2009. Sixteen of the 19 were unexhausted, leaving three that were properly exhausted. These three exhausted grievances covered only two of the issues raised in plaintiff's complaint: (1) the preparation and alleged contamination of his vegetarian diet tray during food service, and (2) the seizure, denial, and non-notification of contraband soaps and oils that were improperly mailed directly to plaintiff by a prison volunteer, in violation of DOC religious policy. The special report shows that plaintiff has failed to exhaust all his other grievances, so the unexhausted claims in the amended complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a).

While specific instances regarding plaintiff's vegetarian diet are not set forth in the complaint, the special report includes one exhausted claim about food services and food preparation. Plaintiff's Request to Staff, dated October 1, 2008, complained that on September 30, 2008, Defendant Faulk allowed the inmate food service workers to prepare a cross-contaminated vegetarian/non-pork tray. The tray was contaminated because the main menu included pork bacon. Ms. Faulk allegedly made no effort to intervene and instruct the staff about how to prepare the tray properly. Plaintiff asked for relief in the form of an apology, a reprimand of Ms. Faulk, and immediate conformance to procedures to avoid cross-contamination of religious vegetarian/non-pork trays. The RTS response stated that Ms. Faulk had spoken to the inmate food preparers, and all were presently aware of the procedure for preparing non-pork trays.

Plaintiff then filed a Grievance Report concerning the same incident and complaining

5

of retaliation for his complaints. Relief was denied on November 3, 2008, but plaintiff was advised that all food service personnel and inmate workers assigned to food service had been trained on how to properly prepare all meals, including non-pork meals. When pork items are served, one inmate worker serves the pork items, and one inmate worker serves the non-pork items, preventing cross-contamination of food items. Plaintiff's appeal of the grievance was denied, because he failed to substantiate the appeal with any newly discovered/available evidence or any authority for an error.

It is well settled that more than negligence is required to state a valid claim under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 330 (1986) (holding that the protections of the Due Process Clause of the Fourteenth Amendment are not "triggered by a lack of due care by prison officials") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that medical malpractice does not become an Eighth Amendment claim merely because the victim is a prisoner), and *Baker v. McCollum*, 443 U.S. 137, 146 (1979) (holding that false imprisonment does not violate the Fourteenth Amendment simply because the defendant is a state official)). Numerous courts, including the Tenth Circuit, have recognized that a prison official's negligence in complying with a prisoner's religious diet does not violate the constitution. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (holding that isolated acts of negligence in providing kosher diet do not support a free-exercise claim); *Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006) (holding that plaintiff "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983") (citing *Daniels,* 474 U.S. at 330); *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010) (holding that negligence by prison officials in implementing kosher-food requirements is not actionable under the First Amendment). Here, the court

finds plaintiff has failed to show more than negligence in the one instance of alleged cross-contamination of his food tray.

Plaintiff's other exhausted claim concerns the defendants' failure to notify him before disposing of a non-privileged, non-legal package sent to him by Amos Muhammad, a prison volunteer. According to the special report, a package addressed to plaintiff was received by the JDCC mail room in February 2009. The box was forwarded to JDCC Chaplain James Remer, because it contained religious items and to ensure compliance with OP-030112 titled "Religious Services." The box contained three vials of oil and two cylinder-shaped items that appeared to be homemade soap. The items had not been approved by the facility chaplain and the package had been sent by an agency volunteer, so the items were considered unauthorized and were turned over to the Chief of Security. On February 20, 2009, Chaplain Remer sent a letter to Volunteer Muhammad, advising that the facility was investigating the matter and requesting Muhammad to contact Remer's office.

On March 23, 2009, Chaplain Remer completed an Incident Report, stating he had received a phone call from Muhammad on that date. Muhammad said he sent the items to the chaplain, but the facility records show that package actually was addressed to plaintiff. Muhammad explained that he did not know what was in the package, and he had merely forwarded it to JDCC from someone in New York. Muhammad's volunteer status at JDCC was suspended until further notice, because of his actions.

On March 31, 2009, plaintiff submitted a Request to Staff to Chaplain Remer, requesting the status of the materials forwarded to him from Amos Muhammad and asking why he was not notified of the package and allowed to accept it. On April 10, 2009, Remer responded and advised plaintiff that all donated religious items must be cleared through the

7

chaplain's office in advance, and the items mailed to plaintiff were safety and security concerns. Remer further stated he did not know what eventually happened to the package, and Remer was unaware that plaintiff had not been notified about it.

> In *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), the Court recognized that both inmates and correspondents have a qualified liberty interest in uncensored communications that are protected by the First Amendment. The Court required "minimum procedural safeguards" and affirmed a district court requirement "that an inmate be notified of the rejection of a letter written by or addressed to him, that the author of the letter by given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence. *Id.*

*Jacklovich v. Simmons*, 392 F.3d 420, 433 (10th Cir. 2004)

The special report indicates that it is not a DOC policy to seize packages without providing written notice to the inmate. Plaintiff's written grievances indicate he had been expecting the package and knew it had been detained. The grievance responses show plaintiff mistakenly was not given written notice of the package's seizure. As a result of the grievance process, a post-deprivation notice was prepared and given to plaintiff, along with a full explanation of why the package was seized. Plaintiff's two exhausted grievances regarding the package and the DOC's responses constituted his post-deprivation due process. The defendants also point out that plaintiff never filed a tort claim to try to recover the value of the seized items, although that remedy was available to him through the Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151. Such internal grievance and tort remedies have been held to be a sufficient cure for a due process violation. *See Zinermon v. Burch*, 494 U.S. 113, 128-32 (1990).

"[T]he Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or

8

property." *Jones v. Salt Lake County*, 503 F.3d 1147, 1163 (10th Cir. 2007) (quoting *Daniels*, 474 U.S. at 328) (emphasis in original). The defendants argue the seizure of plaintiff's package cannot even be classified as negligence on the part of the defendants, because the package contained contraband, and any negligence was in the failure to give plaintiff the required notice of the seizure. After careful review, the court finds plaintiff was afforded the constitutionally required post-deprivation due process with regard to the seizure of his package of contraband items.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #49] is GRANTED. Plaintiff's exhausted claims regarding the cross-contamination of his religious diet and the seizure of his package are DISMISSED WITH PREJUDICE, and plaintiff's remaining unexhausted claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 31st day of March, 2011.

Frank H. Seay
United States District Judge